IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN CASTRO, Ph.D., | § | No. 5:23-CV-08-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND (2) DENYING MOTION TO STRIKE

Before the Court are two motions: (1) Defendant Bexar County, Texas's ("Bexar County" or "Defendant") Second Amended 12(b)(6) Motion to Dismiss (Dkt. # 38) and (2) Plaintiff Allen Castro, Ph.D.'s ("Plaintiff" or "Castro") Motion to Strike Defendant's 12(b)(6) Evidence (Dkt. # 46). After careful consideration of the memoranda filed in support of and in opposition to the motions, the Court, for the reasons below, **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss and **DENIES** the motion to strike.

1

BACKGROUND

On January 3, 2023, Plaintiff Allen Castro ("Plaintiff") filed suit against Bexar County in this Court.[1] (Dkt. # 1.) Plaintiff's complaint alleges that he is employed as a Substance Abuse Program Manager for Bexar County. (Dkt. # 1 ¶ 23.) Plaintiff also alleges he is a member of the LGBTQ community and that he is Hispanic. (Id. ¶¶ 20, 57.) He states that he "was at one time … diagnosed with a major depressive disorder or mental illness" while employed with Bexar County but is currently in remission. (Id. ¶ 93.) Plaintiff also alleges that he was fifty-four (54) years of age at relevant times. (Id. ¶ 68.)

In his original complaint, Plaintiff alleged the following claims based on his employment with Bexar County: (1) employment discrimination based on his age (54) under the Age Discrimination in Employment Act ("ADEA"); (2) discrimination based on his race (Hispanic) under Title VII; (3) retaliation; (4) retaliatory hostile work environment; (5) discrimination based on his disability under the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA"); and (6) discrimination based on

---

[1] Plaintiff filed a substantially similar petition on June 21, 2021, which was removed to this Court and later dismissed without prejudice because Plaintiff did not exhaust administrative remedies and because Plaintiff did not plead sufficient facts to state a viable retaliation claim. See Allen Castro, Ph.D. v. Bexar County, Texas, 5:21-cv-748-FB (W.D. Tex.) (Dkt. # 8); Castro v. Bexar Co., Tex., 2022 WL 1261654 (W.D. Tex. Apr. 28, 2022).

his sexual orientation. (Dkt. # 1.) However, in response to the motion to dismiss, Plaintiff abandoned his claims of race, age, sexual orientation, and disability discrimination, maintaining only his retaliation and retaliatory hostile work environment claims against Bexar County. (Dkt. # 40 at 1, n.1.)

Among others, Plaintiff complains that, in October 2018, he took the newly created Substance Abuse Program Manager job located on the third floor of the Paul Elizondo Tower ("PET"). (Dkt. # 1 at 4.) A new reporting structure system took effect in June 2020, and consequently, the office relocated from the third floor of the PET to the ninth floor, where Plaintiff was notified that he would be the only one remaining on the third floor. (Id.) Plaintiff contends it was an intentional, willful, and knowingly malicious refusal to relocate him with the rest of his department. (Id.) Plaintiff further alleges he was told there was no room for him on the ninth floor, but in October 2020, a younger office assistant was moved into an empty office on the ninth floor. (Id. at 6.) According to Plaintiff, he remained on the third floor as retaliation for testifying in two pending Equal Employment Opportunity Commission ("EEOC") cases. (Id. ¶¶ 14-15.)

Plaintiff further contends he was subject to ongoing scrutiny, displacement, harassment, and marginalization by Defendant. (Dkt. # 30 at 1.) Additionally, he asserts that he was transferred into a new department in March 2023, which is a less desirable position in which he has no expertise. (Id.

3

at 2.) However, according to Plaintiff, he has never questioned his job duties or chain of command, and in April 2023, Plaintiff appeared at the Commissioners Court to announce a new grant. (Dkt. # 44-1 at 2; Dkt. # 38 at 3.)

On November 13, 2024, Defendant filed its Second Amended 12(b)(6) Motion to Dismiss. (Dkt. # 38.) On December 4, 2024, Plaintiff filed his response in opposition. (Dkt. # 40.) On December 11, 2024, Defendant filed its reply. (Dkt. # 44.) On December 4, 2024, Plaintiff filed Motion to Strike Defendant's 12(b)(6) Evidence. (Dkt. # 41.) On December 11, 2024, Defendant filed a response in opposition to the motion to strike. (Dkt. # 43.) On December 19, 2024, Plaintiff filed his reply. (Dkt. # 46.) The motions are addressed below.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464,

467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Twombly, 550 U.S. at 555–56.  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the

parties and the court." Twombly, 550 U.S. at 558 (citation omitted).  However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissal with prejudice, "unless it is clear that the defects are incurable[.]"  Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

In adjudicating a motion to dismiss, the Court considers only the pleadings and those matters of which it may take judicial notice under Rule 201 of the Federal Rules of Evidence.  Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 758 (N.D. Tex. 2012) (taking judicial notice of matters of public record and considering documents attached to a motion to dismiss as part of the pleadings because they were central to the claims in the complaint).

## DISCUSSION

Defendant moves to dismiss Plaintiff's retaliation and retaliatory hostile work environment claims on the basis that he has failed to plead the essential elements of these claims.  (Dkt. # 38 at 6.)

### A.  Title VII Retaliation

To establish retaliation under Title VII, a plaintiff must show that "(1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action."  Wright v. Union Pac. R.R. Co., 990 F.3d 428, 433 (5th Cir.

2021) (citing Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996)). Defendant asserts that Plaintiff has failed to plead any adverse employment action to support the claim. (Dkt. # 38 at 6.)

1. Protected Activity

Plaintiff alleges that he engaged in protected activity when he filed several EEOC charges between July 15, 2022, and the present. (Dkt. # 1 at 36, Dkt. # 35-1.) This satisfies the first element required to support a retaliation claim.

2. Adverse Employment Action

Regarding the adverse employment action Plaintiff allegedly experienced, Plaintiff complains once again of Bexar County's refusal to move his office to the ninth floor.[2] (Id. ¶ 35.) However, there is no case law supporting that Plaintiff's office location rises to a level of adverse employment action. See, e.g., Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) ("An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience."). For purposes of a retaliation claim, an adverse employment action is one that "a reasonable employee would have found … [to be] materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at

---

[2] See Castro, 2022 WL 1261654, at *4.

68. "The purpose of this objective standard is 'to separate significant from trivial harms' and 'filter out complaints attacking the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing.'" Stewart v. Mississippi Transp. Comm'n, 586 F.3d 321, 331 (5th Cir. 2009) (citing Burlington N., 548 U.S. at 68). To determine whether an action is materially adverse, courts look to indicia such as whether the action affected "'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among … co-workers.'" Paul v. Elayn Hunt Corr. Ctr., 666 F. App'x 342, 346 (5th Cir. 2016) (quoting Stewart, 586 F.3d at 332).

Standing alone, Plaintiff's allegation that he was unhappy with his office location will not support an adverse employment action. Thus, to support his claim, Plaintiff also alleges that due to his office location, he was "insulated and isolated from the rest of his department," and was unable to participate with department activities on a separate floor. (Dkt. # 1 at ¶ 80.) Plaintiff believes this failure to relocate him to the ninth floor constitutes a retaliatory effect on behalf of Defendant as it was intentional, willful, and malicious. (Id. at 4.)

Although Plaintiff has not alleged how his office location affected his work productivity or caused harm to his daily activities, the Court finds that—at this juncture—his office location in combination with his isolation from the rest of his department alleges an adverse employment action. Plaintiff's allegations could

8

support an adverse action that his insulation and isolation caused a "diminution in prestige" or caused a "change in standing among … co-workers.'" Paul v. Elayn Hunt Corr. Ctr., 666 F. App'x 342, 346.  The Court will have a better opportunity to assess this allegation after evidence is presented in summary judgment.

Other than his office location, Plaintiff also alleges that he was denied advancement, reassigned to lesser positions, and that his duties were taken away. (Dkt. # 1 ¶¶ 60-61; Dkt. # 30, Dkt. # 35-1.)  Plaintiff states that he was "unilaterally" placed into a "less desirable position, where he is required to write grant proposals in an area where he has no expertise, where the county has failed to provide him any resources to develop expertise, and where [he has yet to have] received a job description for [his] new position."  (Dkt. # 30 ¶ 4.)  Again, at this stage of the proceedings, the Court finds that Plaintiff has adequately alleged that his reassignment to a different department constituted an adverse employment action.  The Court will consider the merits of this claim at the time of summary judgment.

### 3. Causal Connection

The last element of a retaliation claim requires a causal connection between the protected activity and the adverse action.  In some cases, causation may be inferred from a close temporal proximity between a protected activity and an adverse employment action.  Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d

802, 808 (5th Cir. 2007). But, "cases that accept mere temporal proximity . . . as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). Again, at this stage of the proceedings, the Court finds that Plaintiff has sufficiently alleged a causal connection between his protected activity and his alleged adverse employment action to survive dismissal. The Court will consider the evidence, including temporal proximity of these allegations at the summary judgment stage.

Upon consideration, the Court finds that Plaintiff has alleged a plausible claim for retaliation, albeit narrowly. The Court cautions *both* parties to provide succinct briefing with specific dates and clear citations to evidence in summary judgment briefing should the case proceed to that stage.

B.    Retaliatory Hostile Work Environment

Currently, the Fifth Circuit does not recognize a cause of action for retaliatory hostile work environment but does not expressly reject the viability of such a cause of action. See Montgomery-Smith v. George, 810 F. App'x 252, 258 (5th Cir. 2020) (unreported opinion); Fallon v. Potter, 277 F. App'x 422, 424 & n.3 (5th Cir. 2008); Bryan v. Chertoff, 217 F. App'x 289, 293 (5th Cir. 2007) (collecting cases which recognized the cause of action).

A prima facie case of retaliatory hostile work environment requires a plaintiff to show: (1) he engaged in a protected activity; (2) he was the victim of harassment; (3) there was a causal connection between the harassment and the protected activity; (4) the harassment affected a term, condition, or privilege of his employment (i.e., the harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment); and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Baird v. Dep't of the Interior, 2016 WL 80629, at *6 (E.D. La. Jan. 7, 2016) (citing Hiner v. McHugh, 546 F. App'x 401, 407–08 (5th Cir. 2013)).

"The legal standard for workplace harassment in this circuit is . . . high." Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 509 (5th Cir. 2003). Title VII is violated when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Montgomery-Smith, 810 F. App'x 252, 258–59. "For harassment to be sufficiently severe or pervasive to alter the conditions of the victim's employment, the conduct complained of must be both objectively and subjectively offensive." Id. "To determine whether the victim's work environment was objectively offensive, courts consider the totality of the circumstances, including

11

(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.  No single factor is determinative."  Id.  Defendant argues that Plaintiff has not sufficiently alleged that any harassment he suffered was hostile or abusive within the meaning of Title VII. (Dkt. # 38 at 10.)

Plaintiff's complaint alleges that he suffered continuous retaliation, causing a hostile work environment, relying again on his inability to move to the ninth floor of the PET on July 15, 2022, but alleges that another employee moved into that office by August 8, 2022.  (Dkt. # 1 at ¶ 24.)  He states that he was not offered the chance to move into this office and remained secluded from his department. (Id.)  Additionally, Plaintiff alleges that he suffered harassment by his "demotion in job duties, or responsibilities, his isolation, and/or exclusion from daily job interactions and activities."  (Id. ¶ 91.)  He further alleges that the County purposefully failed to include him in team activities and demeaned him "in how he is portrayed and addressed with respect to keeping him from the floor with his team."  (Id.)  Plaintiff again asserts that he suffered from a retaliatory hostile work environment when he was "surreptitiously transferred into a new department on or about March 2023."  (Dkt. # 30 at 2.)  He continues to claim this transfer created a less desirable position with no job description or adequate training.  (Id.)

12

The Court finds that Plaintiff's alleged incidents, even when taken together, do not amount to the type of "extreme" conduct required by the Supreme Court to make out a claim for a hostile work environment.  See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).  Denials of promotions or transfers, although sometimes considered adverse employment actions sufficient to support a Title VII claim for retaliation, are not offensive or harassing in the way necessary to support a hostile work environment claim.  See id.; Montgomery-Smith, 810 F. App'x at 259.  And, any failure to include Plaintiff in team activities or being demeaned in the workplace, without more specific examples, is not severe and pervasive enough to establish a claim for hostile work environment.  While that behavior may be rude, it is nowhere near as severe or pervasive as the conduct that the Fifth Circuit has found necessary to support a hostile work environment claim.  See, e.g., E.E.O.C. v. WC&M Enterprises, Inc., 496 F.3d 393, 400 (5th Cir. 2007) (determining sufficient evidence was presented to survive summary judgment on a hostile work environment claim where a Muslim man born in India was regularly subjected to verbal harassment for one year by, among other things, being called names such as "Taliban" and told to "go back where [he] came from").  Similarly, Plaintiff's claims of isolation cannot form the basis of a hostile work environment claim.  See Montgomery-Smith, 810 F. App'x at 259–60 (citing Stewart, 586 F.3d at 332) ("We will not hold that such minor annoyances can support a hostile work

13

environment claim.") Because Plaintiff has failed to allege conduct severe and pervasive enough to form the basis of a hostile work environment claim, the Court will dismiss Plaintiff's claim.³ Because Plaintiff has already had multiple opportunities to plead his best case on this claim, the dismissal will be with prejudice. See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

    C.    Motion to Strike

As the Court did not consider the alleged unauthenticated hearsay evidence Plaintiff asked to strike when considering the Motion to Dismiss, the Court does not need to make a determination and thus will deny Plaintiff's motion to strike. (Dkt. #41.)

## CONCLUSION

For the reasons stated above, this Court **GRANTS IN PART** and **DENIES IN PART** Bexar County's Motion to Dismiss (Dkt. # 38) and **DENIES** Plaintiff's Motion to Strike (Dkt. # 41). Plaintiff's claims for race, age, sexual orientation, and disability discrimination are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim for retaliatory hostile work environment claim is

---

³ It is not entirely clear from Plaintiff's complaint whether he intended to also allege a hostile work environment claim separate from a retaliatory hostile work environment claim. (See Dkts. # 1, 30.) In any case, because the element concerning whether an employee was subject to unwelcome harassment that is severe and pervasive overlaps both causes of action, and the Court has found that Plaintiff has not properly pled this element, the Court finds that any claim for hostile work environment would likewise be dismissed.

hereby **DISMISSED WITH PREJUDICE**.  Plaintiff's only live claim is for retaliation.

       **IT IS SO ORDERED**.

       **DATED**: San Antonio, Texas, May 14, 2024.

       _____
       David Alan Ezra
       Senior United States District Judge