UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN CASTRO, Ph.D., Plaintiff | § § § § § | |
| v. | § § | Civil Action No. 5:23-CV-00008-DAE |
| BEXAR COUNTY, TEXAS, Defendant | § § § § | |

## PLAINTIFF'S SECOND SUPPLEMENTED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ALLEN CASTRO, Ph.D. and in addition to the allegations stated in his Original Complaint and First Supplemented Complaint, accepted by this Court and filed among its papers on or about October 24, 2023, [D.E. 30], files this his Second Supplemented Complaint and would show the following:

1. Plaintiff re-urges and re-avers to the same statutory authority as forming the basis of this suit and proper jurisdiction by this Court as reflected in his Original Complaint as if fully recited herein.

2. Dr. Castro's Original Complaint recites to several allegations and theories beyond those which this Court entertained, based on its ruling on Defendant Bexar County's Second 12(b)(6) issued on May 2, 2024. D.E. 69 Plaintiff maintains that Defendant was an employer as defined by Title VII and that subject to the anticipated Right to Sue on his Amended Charge by the Department of Justice, in Charge No. 451-2024-02303, that he has exhausted all of his

administrative remedies for said charge that forms the basis of this Second Supplemented Complaint as well as those of his previous charges, upon which a Right to Sue Letter was issued, including Charge Number 451-2022-03463 and Charge Number 451-2024-00360, which are before this Court.

3. Dr. Castro's actual demotion from the County as previously pled occurred on or about May 9, 2023, while still holding the substance abuse program manager position and performing as a grant writing manager for the entire County outside of the District Attorney's Office and Juvenile Probation Department. When Dr. Castro was demoted from an E-10 position, which he had maintained for over a decade to an E-9 position, he had no disciplinary actions which were pending, he had not been placed on any type of performance improvement plan or advised of any alleged performance deficiencies that formed a foundation to this demotion.

4. Dr. Castro was not prior to the demotion or thereafter informed that he had been changed from an E-10 to E-9 position, while at the time performing two managerial roles. At all times relevant, Defendant Bexar County, Texas and its human resource office was aware that Plaintiff had not only filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination, hostile work environment and retaliation, it was further aware that the plaintiff had filed suit in federal court and that the matter was still pending. Indeed, the County Commissioner's Court had in 2023 requested an update on the status of Dr. Castro's pending litigation.

5. There were no other employees of the county who performed grant writing and administration, oversight and management of grants who also suffered a reduction in their employee level with the Defendant. At no time did Tina Smith – Dean or any other management

of the county advise of a position salary survey conducted as a basis for his alleged demotion. His demotion flies in the face of a determination by the County Commissioners Court re-grading his position as grant manager that he ultimately assumed on or about October 1, 2023, as an E – 10 position. Defendant Bexar County, Texas has produced no evidence to counterman the re-grading and elevation of the Grant Manager position from E-9 to E-10 by a vote of the County Commissioners Court, to its re-branding as merely a grant writing position. The retitled Grant Writer position still requires Dr. Castro to execute and perform managerial duties associated with the conceptualization, development, implementation and oversight of any grants that are awarded to the county,[1] and he respectfully submits that the change in titles did not reduce or abridge responsibilities borne of the Grant Manager position.

6. Dr. Castro does not have any comparators who perform the same duties and responsibilities assigned to him in his current capacity. Dr. Castro has been an exemplary employee who throughout the tenure of his career with Bexar County has achieved repeatedly significant and substantial grants totaling several millions of dollars. Recently the county has been awarded a $6,000,000 USD grant for high risk/high need children and a $2,500,000 USD grant for homeless offenders. Despite which, Dr. Castro has now come to be treated as sub-managerial employee while his pending EEOC based lawsuit has been pending – but notably, not before.

7. While the Defendant's salary survey has resulted in a recalibration of positions within the county and has resulted in other un-analogous positions to be downgraded while giving those same employees an increase in their salary to match comparable salaries paid by other Texas

---

[1] Bexar County has had personnel associated with the DA's office and Juvenile Justice departments who did grant writing but did not oversee the scope and breadth of programs as did the Plaintiff, nor were did their positions make them managers over grants within those departments.

municipalities, the demotion of Dr. Castro based on such alleged grounds is merely pretextual and an attempt by the county to further marginalize and retaliate against him for asserting his rights under the Civil Rights Act of 1964. As a result of Plaintiff's demotion, he has suffered a loss of status, prestige, and ability to be paid at the upper threshold limits of an E – 10 as his substantial contributions to the county merits. To the extent that Bexar County offers a matching retirement funding contribution, Dr. Castro has further been deprived and effectively denied an enhanced retirement based on contributions he would be able to make based on the salary thresholds as an E – 10 manager.

8. Prior to his demotion, Defendant had undertaken a series of unorthodox, unusual and unannounced actions such as his displacement from one department and supervisor to another with no documentation of discussion by human resources or anyone else in the County, prior to such stealth reassignment. Without any notice to the plaintiff, defendant reshuffled its position placement of Dr. Castro where he came to discover that he had a new supervisor on or about March 2023, which was never documented in any form or fashion to him prior to changing whom he was supposed to report or informed of the same.

9. The reassignment of departments, that was not disclosed, unilaterally placed him in a less desirable position, where he was required to write grant proposals in children's mental health and juvenile issues where he has no expertise and where the county has failed to provide him any resources to develop such expertise. Despite the lack of provisioned training and resources to enable Dr. Castro to perform at the levels that the county expected of him, he notwithstanding flourished and obtained awards for grants in areas where he had been left to his devices, because of no training or benefit of any consultants in such fields by defendant. Plaintiff submits that his

re-assignment and delegation of these duties, where he has not been provided resources and training, was a further attempt by the County to set him up for failure and use the same as a justification for his discharge, while his lawsuit against Defendant was pending.

10. The displacement and targeting measures taken against Dr. Castro stems back to his original filing of an EEOC charge because of an oppressive, unfiltered work environment that two other Bexar County employees also filed charges for discrimination, hostile work environment and/or retaliation, namely Nancy McClure-Soto and Alex Millan, who brought suits against the County that have ultimately been settled and the sum of those settlements published in the San Antonio Express News. Like Dr. Castro, these two other employees were unceremoniously plucked out of their departments (against their will, request or desire) and thrust into other departments where they were isolated and/or set up to fail. Such appears to be the playbook of Bexar County as Dr. Castro has befallen similar treatment – only after he had participated in a Kelmar Investigation which highlighted a score of abusive, unethical and conduct violating employee's right to work in an environment free of discrimination, retaliation and hostile work environment.

11. As a result of the continuing acts of retaliation by Defendant, Plaintiff continues to suffer mental anguish and seeks recovery of damages corresponding to the same.

12. While Bexar County has established stated policies in its employees' handbook that promise to protect employees from the abuses Plaintiff and others have suffered for opposing perceived discriminatory, retaliatory or an abusive hostile work environment on the basis of race, sex or national origin, age and sexual orientation, such stated policies are mere window dressings

that the county conveniently ignores, disavows or implicitly condones with the rights of imprimatur among its elite managerial echelon.

## PRAYER

Plaintiff respectfully re-urges the relief set out in his Original Complaint and First Supplemented Complaint and any such other and further relief in law or equity to which he may be entitled.

Respectfully submitted,

/s/ Russell J. G. Amsberry

Russell J. G. Amsberry
24165 IH 10 W. Ste. 217, #230
San Antonio, Texas 78257
Telephone: (210) 354.2244
State Bar No. 00790028
Email: r.amsberry@amsberrylaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered via CM/ECF electronic filing on this the 29th day of October 2024:

Erin McNiece, Counsel for Defendant Bexar County, Texas.

/s/ Russell J. G. Amsberry
Russell J. G. Amsberry